UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STAN JOSEPH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:16CV284 RLW |
| | ) |
| COMBE INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (ECF No. 4) and Plaintiffs' Motion to Remand (ECF No. 8). The motions are fully briefed and ready for disposition.[1]

## Background

Plaintiffs filed this action in the Circuit Court of the City of St. Louis alleging nine causes of action against Defendants arising out of personal injuries Plaintiffs sustained from using Just For Men® hair care and dye products. Plaintiffs assert claims of strict products liability for defective manufacturing, strict products liability for design defect, strict products liability for defect due to inadequate warning, strict products liability due to non-conformance with representations, negligence, breach of express warranty, breach of implied warranty, negligent representation and fraud, and punitive damages. (Pls.' First Am. Pet., ECF No. 7) The twenty-

---

[1] The Court has also considered the supplemental authority submitted by the parties upon leave of Court. In support of their Motion to Remand, Plaintiffs filed a Memorandum and Order of Remand issued by U.S. District Judge Rodney W. Sippel on March 24, 2016, *Curtis Henderson, et al. v. Combe Incorporated, et al.*, Case No. 4:16CV283 RWS, which is a substantially similar case from this district. In support of their Motion to Dismiss, Defendants filed a case from the United States District Court for the District of Massachusetts, *In re Zofran Prods. Liab. Litig. ("Simmons")*, MDL No. 1:15-md-2657-FDS, 2016 WL 2349105 (D. Mass. May 4, 2016).

one Plaintiffs reside in multiple states, including Missouri, Louisiana, and New York. Defendants are Delaware corporations with principle places of business in New York, Puerto Rico, and Illinois.

On November 30, 2015, Defendants removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Despite the lack of complete diversity on the face of the Petition,[2] Defendants contend that federal diversity jurisdiction exists because this Court does not have personal jurisdiction over the non-Missouri Plaintiffs. Defendants urge the Court to rule on the personal jurisdiction issue before addressing the issue of subject matter jurisdiction. Plaintiffs move to remand this case to the Circuit Court of the City of St. Louis, Missouri, because complete diversity does not exist, and Plaintiffs' claims are neither fraudulently joined nor fraudulently misjoined.[3]

## Discussion

At the outset, the Court declines to rule on the personal jurisdiction first. A district court may not proceed in a case unless it has jurisdiction. *Crawford v. F. Hoffman-La Roche, Ltd*, 267 F.3d 760, 764 (8th Cir. 2001). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.574 (1999), a Court has discretion to consider personal jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. *Id.* at 588; *see also Crawford*, 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold

---

[2] Eight Plaintiffs and Two Defendants share New York citizenship.
[3] In their Notice of Removal, Defendants assert that they do not rely upon "fraudulent misjoinder." However, the substance of their argument contained in both the Notice of Removal and their Motion to Dismiss suggests otherwise. *See, e.g., Henderson,* Case No. 4:16CV283 RWS.

2

issue is simple when compared to the issue of subject-matter jurisdiction."). However, "in most instances subject-matter jurisdiction will involve no arduous inquiry . . . [and] both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. Courts in this district addressing the same issue have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. *See, e.g., Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014) (finding the issue of subject matter jurisdiction in an action arising from the drug Risperidone was a straightforward legal issue that judges in this district had already addressed and that issues of personal jurisdiction required a more fact-intensive inquiry); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining to rule on issues of personal jurisdiction first because the subject matter jurisdiction issue was not arduous). Thus, the Court in its discretion will first determine the issue of subject matter jurisdiction, as the question personal jurisdiction requires a more fact-intensive inquiry. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (noting a determination of personal jurisdiction requires looking at affidavits and exhibits in addition to the face of the pleadings).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted). Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *One Point Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). In

3

removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . , it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.3d 181, 183 (8th Cir. 1993).

Courts have recognized that exception to the complete diversity requirement exists where "a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620;[4] *see also Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 ("Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.") In the instant case, Defendants argue that the non-Missouri citizens in this case are fraudulently joined with the Missouri Plaintiffs because the out-of-state Plaintiffs cannot establish personal jurisdiction under Missouri law. (Defs.' Opp'n to Mot. to Remand pp. 10-12, ECF No. 10)

In this district, courts have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *See Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-02049-AGF, 2015 U.S. Dist. LEXIS 160580, at *13 (E.D. Mo. July 7, 2015) (finding defendants failed to satisfy their burden to establish fraudulent joinder because the fraudulent joinder doctrine requires the court to consider the merits of plaintiffs' claims under state law, and a personal

---

[4] Fraudulent misjoinder, as opposed to fraudulent joinder, occurs when a plaintiff sues a diverse defendant in state court then joins a viable claim against a nondiverse party even though the claims are unrelated. *In re Prempro*, 591 F.3d at 620. The Eighth Circuit Court of Appeals has declined to either adopt or reject the doctrine of fraudulent misjoinder, finding instead that the alleged misjoinder of plaintiffs' claims involving hormone replacement therapy (HRT) drugs was not so egregious as to establish fraudulent misjoinder. *Id.* at 622.

4

jurisdiction challenge does not go to the merits of the claim); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (remanding action because the defendants' only argument for fraudulent joinder of non-Missouri plaintiffs was a procedural challenge to personal jurisdiction instead of a substantive challenge to the viability of the claims).

In support of their fraudulent joinder argument, Defendants rely on cases from other jurisdictions to assert that a party's fraudulent joinder can be premised on a lack of personal jurisdiction. The Court finds these cases unpersuasive. Decisions from other district courts outside the Eighth Circuit "are not sufficient indicators that the Eighth Circuit Court of Appeals is likely to alter a precedent that has been applied consistently in the Eighth Circuit." *Hogans v. Johnson & Johnson*, No. 4:14-CF-1385, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 24, 2014). Thus, the Court follows the approach taken by district courts in the Eastern District of Missouri and finds that Defendants have failed to establish fraudulent joinder in this case.[5] Courts in this district have determined that the joinder of plaintiffs alleging injury from a single product is not "egregious" because common issues of law and fact connect the plaintiffs' claims. *See, e.g., Valle v. Ethicon, Inc.*, No. 4:13CV798 RWS, 2013 U.S. Dist. LEXIS 186552 (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products); *T.F. v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 U.S. Dist. LEXIS 101859 (E.D. Mo. July 23, 2012) (Zoloft®).

---

[5] *See, e.g., Beene v. Combe Inc.*, No. 4:16-CV-00282 JAR, 2016 U.S. Dist. LEXIS 69068 (E.D. Mo. May 26, 2016); *Shaver v. Combe Inc.*, No. 4:16-CV-00286 JAR, 2016 U.S. Dist. LEXIS 69071 (E.D. Mo. May 26, 2016; *Thurman Thomas, et al. v. Combe Incorporated, et al.*, Case No. 4:16CV287 RWS, ECF No. 19; *Henderson*, Case No. 4:16CV283 RWS, ECF No. 10.

Here, the Plaintiffs have filed suit against the Defendants for injuries caused by the same Just for Men® hair care and dye products and arising out of the same practices for those products such that common issues of law and fact are likely to arise in the litigation. *See In re Prempro*, 591 F.3d at 623 (finding defendants failed to establish plaintiffs' claims were egregiously misjoined where the claims arose from a series of transactions between HRT manufacturers and users of HRT; the claims were logically related because plaintiffs' developed breast cancer as a result of defendants' negligence; and the nature of the claims likely contained common questions of law and fact). Therefore, "the Court must remand this matter for lack of subject matter jurisdiction and leave to the state court the question of personal jurisdiction." *Triplett*, 2015 U.S. Dist. LEXIS 160580, at *13.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, from which it was removed, under 28 U.S.C. § 1447(c). An appropriate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 4) is **DENIED** without prejudice as moot.

Dated this 13th day of June, 2016.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**